FILED

2013 SEP 16  PM 12: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Nomi L. Castle (Bar No. 113636)
   David C. Romyn (Bar No. 144602)
2  Robert Nida (Bar No. 196081)
   **CASTLE & ASSOCIATES**
3  **A Professional Law Corporation**
   8383 Wilshire Boulevard, Suite 810
4  Beverly Hills, California 90211-2425
   Telephone:   (310) 286-3400
5  Facsimile:   (310) 286-3404
   ncastle@castlelawoffice.com
6  dromyn@castlelawoffice.com
   rnida@castlelawoffice.com
7

8  Attorneys for Plaintiffs Tutor-Saliba-
   Perini, J.V., Tutor-Saliba Corporation and
   Tutor Perini Corporation

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  | | |
13  TUTOR-SALIBA-PERINI, J.V., a          Case No. **CV13-06795-GHK (CEx)**
    California Joint Venture, TUTOR-
14  SALIBA CORPORATION, a
    California Corporation, TUTOR
15  PERINI CORPORATION, a                 **COMPLAINT FOR:**
    Massachusetts Corporation,
16                                        1. **FEDERAL CIVIL RIGHTS**
                Plaintiffs,                  **VIOLATIONS UNDER 42**
17                                           **U.S.C. 1983, et. seq.**
           v.                             2. **STATE CIVIL RIGHTS**
18                                           **VIOLATIONS UNDER THE**
    THE LOS ANGELES COUNTY                   **CALIFORNIA**
19  METROPOLITAN                             **CONSTITUTION**
    TRANSPORTATION AUTHORITY, a          3. **ABUSE OF PROCESS**
20  public entity, and DOES 1 through 10,
    inclusive,
21                                        **[DEMAND FOR JURY TRIAL]**
                Defendants.
22

23

24

25

26

27

28

20.3-66
Complaint (TSP v MTA)

COMPLAINT

1    COME NOW, PLAINTIFFS TUTOR-SALIBA-PERINI, J.V., TUTOR-SALIBA

2 CORPORATION and TUTOR PERINI CORPORATION for causes of action against

3 Defendants named herein as follows:

## INTRODUCTION

1.     This is a case about a public agency using the enormous weapons of government

to punish a private sector company because the company asserted it rights to seek redress from

the government and engaged in the exercise of free speech to repair the wrongs created by the

local agency's incompetence in the design and management of public construction projects.

2.     Specifically, the Los Angeles County MTA engaged in an improper and injurious

campaign against Plaintiffs by using the forces only government possesses to placate the

personal animosity of certain public entity officials, including by the following acts and/or

omissions: (1) filing and aggressively prosecuting cross-complaints in civil litigation asserting

hundreds of millions of dollars in claims that it knew or reasonably should have known were

frivolous, without legal authority and/or without damage to the MTA; (2) asserting claims

against Plaintiffs that violated the Constitution of the United States, including by failing to meet

strict scrutiny standard required for set-aside programs; (3) attempting to tamper with witnesses

who were to provide testimony under subpoena that would have been negative to the MTA,

including by attempting to influence the testimony of witnesses, dissuading witnesses under

subpoena from testifying and retaliating against witnesses who complied with subpoenas; (4)

destroying and hiding the existence of evidence, including (a) scheduling documents and (b)

emails concerning MTA's tampering with witnesses, as evidenced by the subsequent sworn

testimony of MTA's Custodian of Records; (5) intentionally and maliciously offering

misleading and outright false testimony, under penalty of perjury, including that of Bruce

Warrensford, MTA's Contract Administrator, for the benefit of the public agency and to cover-

up its tampering with witnesses and hiding evidence; (6) permitting its lawyers, as agents for

the MTA, to continue illegal acts on behalf of the MTA, including by suborning false testimony

and hiding evidence; (7) permitting its officials, lawyers and Board members to improperly

influence and interfere with the letting of contracts for public works projects around the State of

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

203-66
Complaint (TSP v MTA)

1   California; (8) attempting to deny prequalification to Plaintiffs on other projects without due

2   cause and with the intent to harm Plaintiffs; and (9) otherwise using the vast police and

3   governmental powers beyond their intended purpose in an attempt to interfere with the property

4   rights and businesses of Plaintiffs, ruining the reputation of Plaintiffs and otherwise violate the

5   due process rights of Plaintiffs.  These actions by MTA, its officials, Board members and

6   lawyers were done intentionally and with flagrant disregard for any notion of ethical obligations

7   and good judgment. These actions were directed at the highest levels of local government,

8   including but not limited to MTA Board Members and Los Angeles County Supervisors

9   Michael D. Antonovich and Zev Yaroslavsky. These officials have used the power of the MTA

10  for over fifteen [15] years in an attempt to slaughter TSP and its business.

11          3.      While these illegal acts of the MTA failed to destroy Plaintiffs,  MTA's actions

12  have resulted in damage to Plaintiffs by forcing Plaintiffs to spend millions of dollars to

13  respond to such malfeasance by the MTA.  In addition to the financial harm to Plaintiffs,

14  MTA's actions have continued to harm the public works bidding process at MTA and

15  elsewhere in the State of California, which has led to additional costs to society and cynicism of

16  government and the public process.

17                                  **THE PARTIES**

18          4.      At all times relevant herein, **PLAINTIFF TUTOR-SALIBA-PERINI, J.V.**

19  (TSP") was and is a Joint Venture of Tutor-Saliba Corporation, a California corporation and

20  Perini Corporation, a Massachusetts corporation, organized and existing by virtue of, and in

21  compliance with, the laws of State of California, and authorized to do business and doing

22  business in the County of Los Angeles, State of California, and licensed to conduct work as a

23  general contractor by the State of California.

24          5.      At all times relevant herein, **PLAINTIFF TUTOR-SALIBA CORPORATION**

25  ("TSC") was and is a corporation, organized and existing by virtue of, and in compliance with,

26  the laws of State of California, and authorized to do business and doing business in the County

27  of Los Angeles, State of California, and licensed to conduct work as a general contractor by the

28  State of California.

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

20.3-66
Complaint (TSP v  MTA)

6.     At all times relevant herein, **PLAINTIFF TUTOR PERINI CORPORATION** ("TPC") was and is a corporation, organized and existing by virtue of, and in compliance with, the laws of State of Massachusetts, and authorized to do business and doing business in the County of Los Angeles, State of California, and licensed to conduct work as a general contractor by the State of California, and is a publically traded company. Tutor Perini Corporation was formally known as Perini Corporation. TPC is a publically traded company on the New York Stock Exchange that employs nearly 10,000 men and women at any given time and conducts construction work throughout the United States.

7.     TSP, TSC and Perini are collectively known hereinafter as "Plaintiffs."

8.     These upper-tier contractors have successfully built billions of dollars in major public works and private works projects for decades throughout California. Those projects include but are not limited to twenty-one [21] MTA subway tunnel and station projects, the Alameda Corridor rail project, BART subway extension stations and tracks contracts, the 1-80 San Francisco Bay Bridge projects, the Los Angeles International Runway and Taxiway project, the San Francisco International Airport Reconstruction, the Richmond/San Rafael Bridge Retrofit, the San Diego Convention Center, the Ronald Reagan Hospital at UCLA, The UCLA Santa Monica Orthopedic Replacement Hospital, the Los Angeles Memorial Coliseum Rehabilitation project, the Bradley International Terminal at LAX, the Oakland-Alameda Sports Arena, the Los Angeles Central Library, the Moscone Convention Center expansion, the MUNI Metro Turnback Facility, The USC Student Center, the Hyperion Wastewater Treatment Plant, the LAPD Police Administration Building, federal courthouses in Los Angeles and others. Plaintiffs have recently been selected to build the new High Speed Rail project by the California High Speed Rail Authority. In addition, Plaintiffs and its subsidiaries have built major projects throughout Nevada, Arizona, Washington, New York, Hawaii, Florida, Guam and elsewhere. Plaintiff have built many projects for the United States Government, including in domestic disaster areas, military institutions, war zones and embassies around the globe. Plaintiffs are some of the most experienced, successful and important contributors to the building of California and the United States.

CASTLE & ASSOCIATES
. A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

1    9.    At all times relevant herein, **DEFENDANT THE LOS ANGELES COUNTY**

2    **METROPOLITAN TRANSPORTATION AUTHORITY** is a public entity duly organized

3    and existing by virtue of the laws of the State of California to build and operate certain public

4    transportation within the County of Los Angeles. ("MTA" or "Defendant").   The MTA is

5    created under the California Utility Code, with its officials and bureaucrats subject to specific

6    ethical requirements under that Code.

7    10.    The identities of each fictitiously named Doe defendants are unknown to

8    Plaintiffs.  Plaintiffs are informed and believe, and upon such information and belief thereon

9    allege, that each Doe defendant is in some manner legally responsible for the damages

10   hereinafter pled.  Plaintiffs will seek leave of court to amend this Complaint once the true and

11   correct identity of these Doe defendants is ascertained. (Defendant MTA and DOES 1 through

12   10, inclusive, are sometime collectively referred to herein as "Defendants").

13   11.    Plaintiffs are informed and believe, and upon such information and belief thereon

14   allege, that at all times relevant hereto, Defendants, and each of them, were the agents and

15   employees of each other, and that each Defendant was acting in the scope of its, his or her

16   authority as such agent and/or employee of each other Defendant, and with the knowledge of

17   each other Defendant.

18   12.    The causes of action raised herein are subject to tolling agreements between the

19   parties that have extended the statute of limitations to permit the filing of this lawsuit at this

20   time.

21   13.    Plaintiffs have complied with all prerequisites to filing this lawsuit, including

22   submitting a claim, dated June 18, 2013, to Defendant MTA under California Government

23   Code section 901, et. seq.

24                              **JURISDICTION**

25   14.    This action arises under the United States Constitution, including under the First

26   Amendment of the Constitution, and under statutes of the United States, including 42 U.S.C.

27   1983, et. seq.  In addition, this action includes claims arising under the Constitution and laws of

28   the State of California under the rules permitting this Court to adjudicate state law claims.

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

**VENUE**

15.     Defendant MTA resides in the Central District, with its headquarters being located at 1 Gateway Plaza, Los Angeles, California.  In addition, the actions complained herein originated in the Central District.

**FACTUAL BACKGROUND**

16.     Defendant MTA sought to construct various underground subway lines within the County of Los Angeles, including the "Red Line." The Red Line is commuter subway line running between downtown Los Angeles via the districts of Hollywood and Mid-Wilshire to North Hollywood. The Red Line consists of various subway stations and underground tunnels and tracks.  TSP understands that the subways system will continue to expand in length and stations in the future.

17.     In order to build the Red Line, the MTA contracted with construction companies based upon the submission of bids, which were sought and received through the public works bidding process required under the California Public Contract Code.

18.     Plaintiffs TSP or TSC were the lowest bidders on twenty-one [21] public works Invitations to Bid to build portions of the Subway System for the MTA, including Red Line Projects. TSP and TSC entered into separate contracts to perform construction on specific portions of the Red Line. All of the contracts entered into by Plaintiffs have been completed. The contracts were divided into series, including A-series contracts, B-series contracts and C-series contracts.  This lawsuit involves three "B-series" contracts that TSP and TSC performed. The three B-series contracts at issue called for TSC or TSP to construct stations and tunnel segments along the "Wilshire Corridor," and are known as the B221, B211 and B231 contracts (collectively the "B-series Contracts").

19.     During the course of construction and thereafter, disputes arose, whereby TSP and TSC sought compensation for damages against the MTA resulting from their work and the work of subcontractors on B-series contracts, including for delays on the contracts, differing site conditions, additional and changed scope of work and for other breaches of contract. These claims for additional compensation were submitted to the MTA by request for change orders

1   pursuant to the terms of the B-series contracts.

2       20.    Pursuant to the terms and conditions of the B-series contracts, all claims
3   submitted by the Contractor and by MTA, the Owner, were subject to being presented to the
4   Disputes Resolution Board ("DRB") required by the B-series contract.  The decisions of the
5   DRB became full and final in the event that the adverse party to the recommendation failed to
6   provide notice of its intent to file litigation or appeal within 21 days of receipt of the decision or
7   recommendation of the DRB.

8       21.    After MTA failed to follow the recommendations of the DRB or failed to permit
9   TSP to present claims at hearings before the DRB, TSP and TSC filed two lawsuits against the
10   MTA, which were consolidated and captioned as *Tutor-Saliba-Perini, et. seq. v. The Los*
11   *Angeles County MTA*,  California Superior Court, County of Los Angeles, Case No. BC123559.

12       22.    After four years of litigation and both parties stating they were ready for trial,
13   MTA filed a retaliatory cross-complaint, wherein MTA sought contrived damages and penalties
14   against TSP, TSC and Perini Corporation  under the theories of breach of contract and violation
15   of the California False Claims Act ("FCA") ("Cross-Complaint"). The filing of a retaliatory
16   cross-complaint was part of a new programmatic approach developed by the MTA and their
17   attorneys, including Robert Reagan of the County Counsel's office, to respond to lawsuits from
18   selective contractors by manufacturing claims to use as a sword against the legitimate claims of
19   contractors. In fact, MTA's counsel, Robert Reagan, started offering seminars of its retaliatory
20   program, entitled "The Empire Strikes Back" to spread its program to other public works
21   owners.  The MTA used this new and illegitimate program to continue the vendetta against TSP
22   and its owners, and to use the power of government to "strike back" at TSP for exercising its
23   right to seek redress from the government.

24       23.    Although its Cross-Complaint was sparse and pled without particularity, and
25   failed to allege that MTA presented its claims to the mandatory DRB, eventually MTA filed
26   written disclosures with the Court that it sought: (1) no less than 1,048 separate FCA violations
27   and penalties against Plaintiffs; and (2) $268,800,800.00 in damages against Plaintiffs.  In
28   addition to the over $268 million sought, MTA also prayed for an injunction to enjoin TSP

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

1  from bidding on other public works projects.  Eventually, TSP learned that the Cross-Complaint

2  was filed by the MTA in an effort to deflect and offset TSP's affirmative claims, to retaliate and

3  punish TSP and TSC for filing contractual claims with the DRB and then a lawsuit to recover

4  on its claims against the MTA, and ultimately to use the FCA, state law, legal proceedings, and

5  MTA's police power, as a public agency and contracting party, as weapons to destroy TSP's

6  reputation, bonding capacity and financial ability to bid and perform other public works

7  projects.  In short, MTA's Cross-Complaint was not filed in an effort to properly compensate

8  MTA for damages sustained or to secure remedies warranted under the law; rather, it was filed

9  simply to exact retribution against TSP for exercising its right to petition for redress of its

10  contractual grievances to MTA and then against MTA in the California Superior Court.

11        24.    In pre-trial proceedings, including law and  motion matters, Evidence Code

12  Section 402 hearings, and other proceedings aimed at evaluating MTA's claims against legal

13  standards, Plaintiffs established that virtually all of MTA's affirmative claims lacked legal or

14  factual merit, were barred based on procedural infirmity, and were based on grossly inflated,

15  fictional  or invalid damage theories and calculations including, but not limited to, as follows:

16  (1) MTA's FCA and breach of contract multimillion dollar claim based on the allegation that

17  TSP submitted "Frontloaded" bids on three B-series contracts was legally invalid and barred as

18  a matter of law; (2) MTA's claim under the FCA to recover tens of millions of dollars from

19  TSP  based on the assertion that TSP's own extra cost claim against MTA for preventing TSP

20  from working at night as allowed under the B-221 Contract was a false claim legally and

21  factually invalid; (3) MTA's multimillion dollar breach of contract claims against TSP based on

22  its "Disadvantaged Business Enterprise" (DBE) program requirements in its B-series contracts

23  were barred because MTA's DBE program was presumptively illegal and violative of the Equal

24  Protection Clause of the United States Constitution, unless MTA could demonstrate the

25  provisions met constitutional strict scrutiny.  Without any facts to support its DBE program

26  under strict scrutiny, the MTA withdrew its breach of contract claims based on its allegations of

27  DBE program non-compliance; (4) MTA's claims to recover FCA penalties for each alleged

28  false statement or document barred as a matter of law; (5) MTA's effort to obtain an injunction

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

1    based on its allegations is barred as a matter of law; (6) MTA's claims predicated on the

2    allegation that TSP's own Complaint contained false claims were legally barred under a proper

3    interpretation of the scope of the FCA as guided by the Noerr-Pennington doctrine; (7) MTA

4    was limited by the Superior Court to the measure of damages for its "quality control" claim to

5    the "out of pocket" measure of damages. With this limitation and the lack of any real damages,

6    the MTA withdrew its once multi-million dollar quality control claim; and (8) MTA's claims of

7    damages from its "Buy America Act" claims, "Bridging Beam" claim, "Project "S" claims" and

8    "Pile Interference" claim lacked merit.  After MTA's claims, penalties and damages were

9    reduced or barred outright by the Superior Court limiting its potential recovery to a few

10   hundred thousand dollars, the MTA withdrew its remaining affirmative claims and requested

11   the Superior Court enter judgment in TSP's favor on TSP's remaining claims.

12        25.    In addition to asserting claims in its Cross-Complaint that were frivolous and

13   lacking any legal support as summarized above, MTA, by and through its officials and

14   attorneys, using the power of government under the color of authority, engaged in illegal

15   conduct, including attempting to tamper with a witness and providing false testimony.  In one

16   example, after finding prima facie evidence, the Superior Court issued an order to hold a

17   contempt of court hearing for witness tampering against the MTA, including for acts of

18   unlawful interference with the process or proceedings of the Superior Court, as provided in

19   section 1209(a)(8) of the California Code of Civil Procedure, including violation of Penal Code

20   section 136.1(a)(2), for preventing a 74 year old worker, Dennis Alexander, from conducting

21   services for the MTA while under subpoena to testify in an upcoming trial on TSP's claims.

22   After a period of discovery and conducting an evidentiary trial on the contempt matter, the

23   Superior Court issued an order finding that: (a) the MTA official, Bruce Warrensford, while

24   testifying as Director of Contract Administration and "Person Most Knowledgeable" for the

25   MTA, "did not testify truthfully" at the contempt hearing. The untruthful testimony took place

26   before proceedings in open court and at a sworn deposition. The Court concluded that Mr.

27   Warrensford testified to fabricate the fact that he did not make decisions alone to terminate Mr.

28   Alexander, i.e. he was persuaded to lie to cover-up for the malfeasance of more senior officials

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

20.3-66
Complaint (TSP v MTA)

1    or attorneys of the MTA; and (b) "This court can draw a reasonable inference that the agent(s)

2    acting for MTA either (1) intended generally to punish Mr. Alexander for being adverse to

3    MTA, or (2) intended to attempt to deter Mr. Alexander from testifying in the future in the

4    current litigation." and (c) the Superior Court concluded the contempt proceeding by referring

5    the case for possible criminal prosecution to the Attorney General of California. For reasons

6    unknown to Plaintiffs, the Attorney General has not informed Plaintiff whether she reviewed

7    the material or took action on the Court's recommendation.

8        26.    In addition, the MTA abused its government authority by ignoring court orders,

9    failing to produce evidence and providing declaration and sworn testimony that were false.  In

10   one example, during the contempt proceedings ordered by the Court concerning the witness

11   tampering, MTA's Custodian of Records and manager of MTA's IT infrastructure, Vincent

12   Tee, testified in open court, on behalf of the MTA, that email documents did exist that MTA

13   and its lawyers failed to produce to Plaintiffs as required by lawful discovery requests and/or

14   court orders.  This hiding of evidence was an attempt to cover-up the malfeasance by MTA and

15   its officials who tampered with a witness under subpoena.

16       27.    Using the power of government and under the color of authority, MTA, by and

17   through its officials and attorneys, conducted the above-referenced acts for the purposes of

18   engaging in illegal conduct to prevent Plaintiffs from presenting and prosecuting claims, from

19   engaging in its profession of public works bidding and to retaliate against TSP for bringing and

20   prosecuting lawsuits against the MTA.

21              **FIRST CLAIM FOR CIVIL RIGHTS VIOLATIONS**

22                **UNDER 42 U.S.C. 1983, ET. SEQ.**

23          **(By Plaintiffs against Defendant MTA and Does 1-10, Inclusive)**

24       28.    Plaintiffs incorporate paragraphs 1 through 27, inclusive, of this Complaint as

25   though fully set forth herein.

26       29.    As endowed to the People of the United States as a fundamental right of liberty

27   and against tyranny of government, the First Amendment to the Bill of Rights of the United

28   States Constitution guarantees:

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

20.3-66
Complaint (TSP v MTA)

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

*"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or the press, or the right of the people to peaceably assemble, and to petition the government for a redress of grievances."*

30.    Plaintiffs are informed and believe and upon such information and belief allege that the conduct that damaged Plaintiffs described in Paragraphs 1 through 28 above, as conducted by MTA through its officers, directors, Board, employees, attorneys and agents, was designed by Defendants to interfere with Plaintiffs' Constitutional right to seek redress from Government of grievances, petition the Courts and to exercise free speech to enforce its rights in connection with the B-series contracts, and to do so free of the MTA:

a.    using the color of its authority and power as a governmental entity to file and prosecute a Cross-Complaint against TSP, TSC and Perini under the FCA in retaliation of TSP and TSC filing a government code claim and lawsuit against the MTA, in which MTA sought 1,048 violations of the FCA, of which 1,046 were grossly inflated in amount, mostly frivolous and without merit, and ultimately withdrawn by MTA or dismissed by the Superior Court;

b.    using the color of its authority and power as a governmental entity to tamper with a witness under subpoena and to engage in other illegal conduct to dissuade a witness from testifying in violation of criminal and civil law in order to create an advantage in litigation brought by TSP and TSC against MTA, and/or to send a message to other witnesses that cooperation with a private entity against the government will result in retribution;

c.    using the color of its authority and power as a governmental entity, by and through its official Bruce Warrensford, as MTA's Director of Contract Administrator, and other agents, to provide false and perjurious testimony in contempt of Court proceedings in an attempt to create an advantage in litigation brought by TSP and TSC against MTA;

d.    to use its power as a governmental agency under the color of authority to withhold evidence or destroy evidence; and

1      e.  using the color of its authority and power as a governmental entity, by and

2   through its attorneys and agents, to intimidate or otherwise interfere with and prevents

3   Plaintiffs' ability and opportunity to prequalify and/or submit bids for other public works

4   contracts with MTA and other government agencies in an attempt to ruin, destroy and terrorize

5   TSP, TSC and TPC and its officers, management and employees.

6      31.    MTA's acts, as alleged above, acting under the color of state law, deprived

7   plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United

8   States, including pursuant to the First Amendment of the United States Constitution, to petition

9   the Government for redress of its grievances, and to exercise its right of free speech, to seek and

10   have liberty and due process of law under the Fifth and Fourteenth Amendment to the

11   Constitution, to pursue its occupation, contracts and business without being subjected to

12   inappropriate interference or retaliation by a governmental agency.

13      32.    Each of the rights and interests described in above is a cognizable and protected

14   interest under 42 U.S.C. §1983, et, seq.

15      33.    MTA's acts were the actual and proximate cause of the deprivation of Plaintiffs'

16   rights and interests described in the above paragraphs.

17      34.    As a result of MTA's above-mentioned acts, Plaintiffs, each of them, have

18   suffered damages in an amount according to proof at trial, but which Plaintiffs allege are in

19   excess of $22 million dollars.

20      35.    Based on the foregoing, Plaintiffs are entitled to recover costs and attorney's fees

21   incurred herein, pursuant to 42 U.S.C. §1988.

## SECOND CLAIM CIVIL RIGHTS VIOLATIONS

## UNDER THE CALIFORNIA CONSTITUTION

### (By Plaintiffs against Defendant MTA and Does 1-10, Inclusive)

25      36.  Plaintiffs incorporate paragraphs 1 through 35, inclusive, of this Complaint as

26   though fully set forth herein.

27      37.  As gifted to the People of the State of California as a basic and fundamental

28   Declaration of Rights, state constitution guarantees and provides:

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

> *"All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness and privacy"*
>
> *"The people have the right to instruct representatives, petition the government for redress of grievances, and assemble freely to consult for the common good."*

38. Such fundamental rights of liberty to seek redress from the government are to be provided without interference, intimidation and retaliation by government.

39. Plaintiffs are informed and believe and upon such information and belief allege that the conduct of the MTA taken under the color of authority damaged Plaintiffs as described in Paragraphs 1 through 35 above, through the conduct of MTA's officers, directors, Board, employees, attorneys and agents, and that said conduct was designed by Defendants to interfere with Plaintiffs' right under the California Constitution to seek redress from the government, exercise free speech and to petition the Courts for enforcement of its rights in connection with the B-series contracts, and to do so free of the MTA:

a. using the color of its authority and power as a governmental entity to file and prosecute a Cross-complaint against TSP, TSC and Perini under the FCA in retaliation of TSP and TSC filing a government code claim and lawsuit against the MTA, in which MTA sought 1,048 violations of the FCA, of which 1,046 were grossly inflated in amount, mostly frivolous and without merit, and ultimately withdrawn by MTA or dismissed by the Superior Court;

b. using the color of its authority and power as a governmental entity to tamper with a witness under subpoena and to engage in other illegal conduct to dissuade a witness from testifying in violation of criminal and civil law in order to create an advantage in litigation brought by TSP and TSC against MTA, and/or to send a message to other witnesses that cooperation with a private entity against the government will result in retribution;

c. using the color of its authority and power as a governmental entity, by and through its official Bruce Warrensford, as MTA's Director of Contract Administrator, and other

20 3-66
Complaint (TSP v MTA)

1    agents, to provide false and perjurious testimony in contempt of Court proceedings in an

2    attempt to create an advantage in litigation brought by TSP and TSC against MTA;

3          d.  to use its power as a governmental agency under the color of authority to

4    withhold evidence or destroy evidence; and

5          e.  using the color of its authority and power as a governmental entity, by and

6    through its attorneys and agents, to intimidate or otherwise interfere with and prevents

7    Plaintiffs' ability and opportunity to prequalify and/or submit bids for other public works

8    contracts with MTA and other government agencies in an attempt to ruin, destroy and terrorize

9    TSP, TSC and TPC and its officers, management and employees.

10        40.    MTA's acts, as alleged above, constituted a violation of Plaintiffs' rights,

11   pursuant to the California Constitution, including Article 1, sections 1, 2, 3 and 7, which

12   include the right to petition government for redress of its grievances, and to exercise its state

13   constitutional protected right of free speech, to seek and have liberty and due process of law

14   under law, to pursue its occupation, contracts and business without being subjected to

15   inappropriate interference or retaliation by MTA.

16        41.    Each of the rights and interests described in above is a cognizable and protected

17   interest under the State of California Constitution.

18        42.    MTA's acts were the actual and proximate cause of the deprivation of Plaintiffs'

19   rights and interests described in the above paragraphs.

20        43.    As a result of MTA's above-mentioned acts, Plaintiffs, each of them, have

21   suffered damages in an amount according to proof at trial, but which Plaintiffs allege are in

22   excess of $22 million dollars.

23                    **THIRD CLAIM FOR ABUSE OF PROCESS**

24              **(By Plaintiffs against Defendant MTA and Does 1-10, Inclusive)**

25        44.    Plaintiffs incorporate paragraphs 1 through 43, inclusive, of this Complaint as

26   though fully set forth herein.

27        45.    California state law recognizes a cause of action for abuse of process when a

28   party, including the government, uses criminal or civil legal process against another to

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-7400

20.3-66
Complaint (TSP v MTA)

1   accomplish a purpose for which it is not designed.

2       46.   During its administration of the B-series contracts and during the subsequent

3   litigation concerning the B-series contract, the MTA engaged in multiple acts of abuse of

4   process against Plaintiffs, including but not limit to:

5       a.  using the color of its authority and power as a governmental entity to file and

6   prosecute a Cross-complaint against TSP, TSC and Perini under the FCA in retaliation of TSP

7   and TSC filing a government code claim and lawsuit against the MTA, in which MTA sought

8   1,048 violations of the FCA, of which 1,046 were grossly inflated in amount, mostly frivolous

9   and without merit, and ultimately withdrawn by MTA or dismissed by the Superior Court;

10       b.  using the color of its authority and power as a  governmental entity to tamper

11   with a witness under subpoena and to engage in other illegal conduct to dissuade a witness from

12   testifying in violation of criminal and civil law in order to create an advantage in litigation

13   brought by TSP and TSC against MTA, and/or to send a message to other witnesses that

14   cooperation with a private entity against the government will result in retribution;

15       c.  using the color of its authority and power as a governmental entity, by and

16   through its official Bruce Warrensford, as MTA's Director of Contract Administrator, and other

17   agents, to provide false and perjurious testimony in contempt of court proceedings in an attempt

18   to create an advantage in litigation brought by TSP and TSC against MTA;

19       d.  to use its power as a governmental agency under the color of authority to

20   withhold evidence or destroy evidence; and

21       e.  using the color of its authority and power as a governmental entity, by and

22   through its attorneys and agents, to intimidate or otherwise interfere with and prevented

23   Plaintiffs' ability and opportunity to prequalify and/or submit bids for other public works

24   contracts with MTA and other government agencies in an attempt to ruin, destroy and terrorize

25   TSP, TSC and TPC and its officers, management and employees.

26       47.   The above acts were done willfully by MTA, by and through its employees,

27   agents and attorneys, for the improper purpose of retaliation and to prevent TSP and TSC from

28   having its lawful claims considered and paid and to have proper process before the Courts,

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

1  agencies and administrative boards.

2      48.    As a direct and proximate result of the abuse of process by the MTA, Plaintiffs

3  have been damaged, including but not limited to the expenditures of costs, attorney's fees and

4  general compensatory damages exceeding $22 million.

5      **WHEREFORE**, Plaintiffs Tutor-Saliba-Perini, J.V., Tutor-Saliba Corporation and

6  Tutor Perini Corporation pray for judgment against Defendant The Los Angeles County

7  Metropolitan Transportation Authority, and Does 1 through 10, and each of them, as follows:

8      1.    For a judgment for money damages in an amount in excess of $22,000,000, plus

9  interest, costs and attorneys' fees, in accordance with proof and as allowed by law.

10      2.    For such other and further relief as this Court may deem just and proper.

11  DATED: September 16, 2013         CASTLE & ASSOCIATES
12                                    A Professional Law Corporation

14                              By: _____
15                                    Nomi L. Castle
16                                    Attorneys for Tutor-Saliba Perini, J.V, Tutor-
17                                    Saliba Corporation and Tutor Perini Corporation

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiffs, each of them, respectfully demand a jury trial for this action.

DATED:  September 16, 2013

CASTLE & ASSOCIATES
A Professional Law Corporation


By: _____
Nomi L. Castle
Attorneys for Tutor-Saliba Perini, J.V, Tutor-Saliba Corporation and Tutor Perini Corporation

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

20.3-66
Complaint (TSP v MTA)

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

TUTOR-SALIBA-PERINI, J.V., TUTOR-SALIBA CORPORATION and TUTOR PERINI CORPORATION

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

THE LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY

**(b) Attorneys** (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same information.)
Nomi L. Castle, Esq. (Bar No. 113636)
CASTLE & ASSOCIATES, APLC
8383 Wilshire Blvd., Suite 810
Beverly Hills, California 90211

**(b) Attorneys** (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 22 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Civil Rights Under 42 USC 1983; Federal and State Constitutional Violations; and Abuse of Process

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-06795

**FOR OFFICE USE ONLY:**      Case Number: _____

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: September 16, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____George H. King_____ and the assigned Magistrate Judge is _____Charles F. Eick_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-6795-GHK (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 16, 2013
_____
Date

By  MDAVIS
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

Name & Address:
Nomi L. Castle, Esq. (Bar No. 113636)
CASTLE & ASSOCIATES, APLC
8383 Wilshire Blvd., Suite 810
Beverly Hills, California  90211

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUTOR-SALIBA-PERINI, J.V., a California joint venture, TUTOR-SALIBA CORPORATION, a California, TUTOR PERINI CORPORATION, a *Massachusetts  Corporation*   PLAINTIFF(S) <br> v. | CASE NUMBER <br><br> CV13-06795 *GHK(Ex)* |
| THE LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, a public entity, and DOES 1 through 10, inclusive, <br><br> DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): THE LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Nomi L. Castle, Esq._____, whose address is _8383 Wilshire Blvd., Suite 810, Beverly Hills, California  90211_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP 16 2013__

By: __MARILYN___

'Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS